John Doe, *ex. dem.* Luther Whitney, plaintiff in error *v.* John Cochran and Cyrus Felt, defendants in error.

*Error to Hancock.*

In the case of a parol purchase of land, if the vendee enter into possession, and afterwards refuse to affirm the contract, he would be liable to the vendor for the use and occupation of the land, and could not dispute his title by setting up an outstanding title in a third person.

(1) R. L. 482; Gale's Stat. 525.          (2) 2 Blackf. 183.

R*

A parol contract for the purchase of land is not absolutely void, but only void-able under the statute of frauds.

THIS cause was tried at the September term, 1835, of the Hancock Circuit Court, before the Hon. Richard M. Young. Judgment was rendered for the defendants, and the plaintiff brought the cause to this Court.

C. WALKER and J. W. WHITNEY, for the plaintiff in error.

A WILLIAMS, for the defendants in error.

SMITH, Justice, delivered the opinion of the Court:(1)

This was an action of *ejectment.* On the trial of the cause the plaintiff offered in evidence a certificate of the Register of the United States' Land Office at Springfield, showing the pur-chase of the tract of land in controversy, and also a deed for the same, which, owing to an alleged informality in the certificate of acknowledgment of the proof of the deed, was rejected as evi-dence in the cause. The plaintiff then offered to prove a ten-ancy on the part of the defendants under the lessor of the plaintiff, and as an estoppel on the part of the defendants, to dispute the plaintiff's title, and offered to prove that the defend-ant, Cochran, purchased the land described in the declaration, by parol, from the lessor of the plaintiff, who, in like manner, by parol, had sold the same to the defendant, Felt, and that the defendants had respectively taken possession of the land under said purchases, before the date of the demise in plaintiff's declaration ; to which the defendants objected ; and the Court sustained the objection, deciding that a parol sale of land was void, and could not create a tenancy; to which opinion the plaintiff by his counsel excepted.

The decision of the Circuit Court, that a parol purchase of land was absolutely void, is evidently founded on a misconcep-tion of the statute of frauds. Such a contract is only voidable, under that statute, and not void in itself. The parties to a parol contract for the sale of land, might surely consummate it at any time, and unless one of them chose to interpose the statute, as a legal defence to an action for a refusal to consummate such an agreement, it would evidently be obligatory. The Court ought also to have admitted the parol evidence of the contract, to establish the relation of landlord and tenant, because it cannot, we think, be denied, that in the case of a parol purchase of land, if the vendee enters into possession, and refuses afterwards to affirm the contract, he would be liable to the vendor for use and occupation, and could not dispute his title by setting up an out-standing title in a third person.

The judgment of the Circuit Court is reversed, and the cause

(1) WILSON, Chief Justice, was not present on the argument of this cause.

remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed.*